UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN TUCKER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-03816 |
| TRANSWORLD SYSTEMS, INC., and COMMONWEALTH EDISON COMPANY, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT**

NOW COMES Plaintiff, MELVIN TUCKER ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of TRANSWORLD SYSTEMS, INC. ("TSI") and COMMONWEALTH EDISON COMPANY ("ComEd") (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and FCRA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants transact business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5. TSI is a third-party debt collector organized under the laws of the state of California, with its principal place of business located at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania, 19034. TSI is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail telephone, and credit reporting. TSI regularly collects upon consumers residing within the state of Illinois.

6. ComEd "is one of America's largest utilities. The company is headquartered in Chicago with more than 4 million customers across the northern Illinois region."[1] ComEd's headquarters are located at 440 South LaSalle Street, Chicago, Illinois, 60605, with its registered agent located at 350 South Northwest Highway, Suite 300, Park Ridge, Illinois 60068.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

8. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

---

[1] https://www.exeloncorp.com/companies/comed

**FACTS SUPPORTING CAUSE OF ACTION**

9. Plaintiff was incarcerated until 2016, when his sentence was commuted by President Barack Obama.

10. After his release, Plaintiff discovered that during his incarceration, an unknown individual was using Plaintiff's personal information to apply for, and ultimately obtain, utility services through ComEd.

11. Plaintiff was taken aback by this information, as ComEd knew or should have known that Plaintiff was unable to obtain residential utility services, given the fact that his incarceration was a matter of public record.

12. Accordingly, Plaintiff filed a police report and even provided ComEd with proof that he was in prison at the time the fraudulent account ("subject debt") was purportedly opened.

13. At that point, Plaintiff was under the impression that the subject debt was resolved and that he would no longer be liable for the same.

14. Yet, during the spring of 2021, Plaintiff was attempting to purchase a property, but upon applying for a loan, Plaintiff was informed that he was not eligible for the loan as a result of the subject debt appearing on his credit report.

15. Plaintiff immediately obtained a copy of his credit report, and much to his dismay, TSI was reporting the subject debt in an open and active collection status, with a high balance of $1,234.00.

16. Plaintiff immediately contacted TSI and informed it that the subject debt was fraudulent and should have never been assigned to TSI for collection.

17. Rather than alleviate Plaintiff's concerns, TSI simply instructed Plaintiff to contact ComEd, despite the fact that Plaintiff had previously resolved the issue with ComEd.

18. Even still, Plaintiff contacted ComEd and reiterated that the subject debt was fraudulent and that the discrepancy was previously addressed and resolved

19. Ultimately, however, Plaintiff's efforts fell short, as Defendants continued to communicate to the credit reporting agencies ("CRAs") that Plaintiff was responsible for the delinquent subject debt.

20. Since Defendants were already aware that Plaintiff was not responsible for the subject debt, Plaintiff was left in a state of helplessness.

21. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has significant outstanding debt, and is thus a high-risk consumer.

22. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

23. Due to Defendants' conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, loss of sleep, out of pocket expenses, including the loss of credit opportunity, decreased credit score, monitoring his credit files, and mental and emotional pain and suffering.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
(AGAINST TSI)

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. TSI is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. TSI identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of -- (A) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A);

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. TSI violated 15 U.S.C. §§ 1692e, e(2)(A), e(8), e(10) through its efforts to collect upon the subject debt from Plaintiff, despite the fact that Plaintiff was not the correct debtor. It was a false representation as to the character of the subject debt to suggest to Plaintiff, in its communications to him and to the credit reporting agencies ("CRAs"), that he owed the subject debt, when in fact, he had already provided Defendants with proof that he was not responsible for the same. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from attempting to collect debts which are not due and owing by the target of a debt collector's collection efforts, underscoring the extent to which TSI's conduct materially harmed Plaintiff's interests protected by the FDCPA.

33. TSI had direct knowledge that Plaintiff did not owe the subject debt, but in defiance of this information, TSI intentionally failed to correct its error and continued to willfully communicate false credit information to the CRAs.

    **b. Violations of FDCPA § 1692f**

34. TSI violated §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff does not owe. TSI's communications unfairly suggested that Plaintiff owed the subject debt despite the fact that the debt was incurred while Plaintiff was incarcerated.

35. TSI further violated § 1692f when it proceeded with collection efforts against Plaintiff when it knew or should have known that Plaintiff was not the underlying debtor. Upon receiving collection rights to the subject debt from ComEd, TSI should have been informed of the fact that Plaintiff was not the correct debtor. Rather than consider this information, along with the assertions relayed to it by Plaintiff, TSI nevertheless went on to engage in further collection efforts against Plaintiff. All of TSI's conduct was done with the unfair and unconscionable design of

extracting payment from an innocent consumer, an innocent consumer with no liability on the debt serving as the basis of its collection efforts.

WHEREFORE, Plaintiff, MELVIN TUCKER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TSI)

36. Plaintiff restates and reallages paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

38. TSI is a "person" as defined by 15 U.S.C. §1681a(b).

39. TSI is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

40. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

41. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated under the FCRA. *See* 15 U.S.C. §1681b(f).

42. TSI requested and received copies of Plaintiff's consumer credit reports maintained by the CRAs without Plaintiff's consent, or for any permissible purpose, as Plaintiff never had a relationship with ComEd or with TSI.

43. TSI did not have a legitimate business need for Plaintiff's credit report, as TSI was aware that Plaintiff was incarcerated at the time the subject debt was incurred.

44. TSI willfully violated §1681b(f) by accessing Plaintiff's credit reports without any permissible purpose under the FCRA.

45. TSI's violations have deprived the Plaintiff of the right to control his own personal information, which is a major aspect of privacy that is protected by the FCRA.

46. As pled in paragraphs 20 through 24, Plaintiff has been harmed and suffered damages as a result of TSI's illegal actions.

47. Had TSI reviewed the information provided by ComEd, it would have noticed that Plaintiff was not responsible for the subject debt. Instead, TSI wrongfully and erroneously communicated the subject deb to the CRAs.

48. By deviating from the standards established by the debt collection industry and the FCRA, TSI acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to the CRAs.

WHEREFORE, Plaintiff, MELVIN TUCKER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing TSI to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

    d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

    e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    g.  Award any other relief as this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER<br>
FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**<br>
(AGAINST COMED)

49.    Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50.    Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

51.    ComEd's servicing and collection efforts constitute "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

52.    The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

53.    ComEd violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice when it erroneously billed Plaintiff for utility services that he did not incur. ComEd was aware that Plaintiff was incarcerated at the time the services were requested and obtained, and despite this information, ComEd willfully continued its efforts to collect upon the subject debt.

9

ComEd's conduct did not stop there, as it subsequently assigned the subject debt to a third-party debt collector and instructed it communicate the subject debt to the CRAs.

54. ComEd engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment for a debt that he never even incurred. ComEd further intended that Plaintiff rely on its unfair and deceptive conduct, as despite having knowledge that the subject debt was incurred while Plaintiff was incarcerated, ComEd still attempted to collect upon the same.

55. Plaintiff lacks a meaningful choice to go about avoiding ComEd's conduct, as he provided it with the necessary information showing that he was not the responsible debtor, and reiterated this information during subsequent communications. Despite Plaintiff's efforts, ComEd still attempted to collect upon the subject debt, which places an unreasonable burden on Plaintiff to try and address ComEd's conduct. This further underscores the immoral, unethical, oppressive, and unscrupulous nature of ComEd's conduct which is contrary to public policy.

56. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by ComEd.

57. ComEd's acts involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

58. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

59. As pled in paragraphs 20 through 24, Plaintiff has suffered actual damages as a result of ComEd's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

60. An award of punitive damages is appropriate here, as allowing an unknown third-party to obtain utility services using an incarcerated individual's information, and subsequently failing to alleviate such error, is egregious conduct. Such conduct is hallmark of outrageous, willful, and wanton behavior, especially when considering Plaintiff's effort to cure the same. Upon information and belief, ComEd regularly engages in the above described behavior against consumers in Illinois, and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, MELVIN TUCKER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining ComEd from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 19th day of July, 2021.                Respectfully Submitted,

                                         */s/ Taxiarchis Hatzidimitriadis*
                                         Taxiarchis Hatzidimitriadis #6319225
                                         David S. Klain #0066305
                                         CONSUMER LAW PARTNERS, LLC
                                         333 N. Michigan Ave., Suite 1300
                                         Chicago, Illinois 60601
                                         (267) 422-1000 (phone)
                                         (267) 422-2000 (fax)

teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Melvin Tucker*